IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICIA A. ROSS

        Plaintiff,

v.

SIMM ASSOCIATES, INC.,

        Defendant.

Case No.: 11-2660-KHV-KMH

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred within this Judicial District.

5. The Plaintiff resides within this Judicial District.

6. Defendant transacts business and regularly collects debts by telephone and the mails within this Judicial District.

### PARTIES

7. Plaintiff, Patricia A. Ross, is a natural person.

8. The Plaintiff resides in the City of Kansas City, County of Wyandotte, State of Kansas.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692 et seq.

10. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692a(3).

11. Defendant Simm Associates, Inc., is a foreign corporation.

12. Defendant maintains a Kansas registered agent of Corporation Service Company, 200 S.W. 30th Street, Topeka, Kansas 66611.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The principal business of the Defendant is the collection of debts using the mails and telephone.

15. The Defendants regularly attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

16. Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes (hereinafter the "Account").

17. The account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account was allegedly was not paid and it went into default with the creditor.

19. Sometime after the account went into default, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff disputes the account.

21. The Plaintiff is represented by the undersigned attorney with regard to the subject debt.

22. The Plaintiff requests that the Defendant cease all communication personally on the Account.

23. In the year prior to the filing of the instant action, the Plaintiff received telephone calls and voicemail messages from representatives, employees and/or agents of the Defendants who were attempting to collect the Account.

24. Upon information and belief, Defendants possess recordings of the content of telephone calls between Plaintiff and Defendant's representatives.

25. Upon information and belief, Defendant kept and possesses written documentation and/or computer records of telephone calls between Plaintiff and Defendant's representatives.

26. The telephone calls between Defendant and Plaintiff each individually constitute a "communication" as defined by FDCPA § 1692a(2).

27. The purpose of Defendant's telephone calls and voicemail to Plaintiff was to collect the account.

28. The telephone calls and voicemail conveyed information regarding the Account directly or indirectly to the Plaintiff.

29. The only reason that the Defendant and/or its representatives, employees and/or agents made the telephone calls to Plaintiff was to attempt to collect the Account.

30. During the telephone calls and voicemails representatives, employees and/or agents of the Defendant attempting to collect the account disclosed confidential account information to a third party in violation of 15 U.S.C. 1692 c(b).

31. During the telephone calls representatives, employees and/or agents of the Defendant failed to meaningfully disclose the caller's identity in violation of 15 U.S.C. § 1692d preface and d(6).

32. During the telephone calls representatives, employees and/or agents of the Defendant failed to disclose that they were attempting to collect a debt or that they were a debt collector in violation of 15 U.S.C. § 1692e preface and e(11).

33. During the telephone calls representatives, employees and/or agents of the Defendant falsely threatened "further action" if not paid in 2-3 days in violation of 15 U.S.C. § 1692e preface and e(5).

34. During the telephone calls representatives, employees and/or agents of the Defendant caused Plaintiff's telephone continuously to ring multiple times per day with the intent to annoy, abuse and harass Plaintiff in violation of 15 U.S.C. § 1692d preface and d(5).

35. During the telephone calls representatives, employees and/or agents of the Defendant repeatedly engaged Plaintiff in conversation multiple times per day with the intent to annoy, abuse and harass Plaintiff in violation of 15 U.S.C. § 1692d preface and d(5).

36. The Defendant and its representatives, employees and/or agents above listed statements and actions involve unfair and/or unconscionable means to collect or attempt to collect a debt and therefore constitute violate FDCPA 1692f.

37. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

38. The representatives and/or collectors at the Defendant were employees of and agents for the Defendants were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. A finding the the Defendant violated the FDCPA.

5. Such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        /s/ J. Mark Meinhardt
        J. Mark Meinhardt #20245
        4707 College Blvd., Suite 100
        Leawood, KS  66211
        913-451-9797
        Fax 913-451-6163

ATTORNEY FOR PLAINTIFF